**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ADAM GRAETER** | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | CIVIL ACTION NO:4:23-CV919-P |
| | § | |
| | § | |
| **HOMESITE INSURANCE COMPANY** | § | |
| **Defendant.** | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE AND JURY OF SAID COURT:

COMES NOW, ADAM GRAETER (herein "Plaintiff"), and files this Plaintiff's First Amended Complaint complaining of Defendant HOMESITE INSURANCE COMPANY, (herein or "Defendant"), and for cause of action shows the Court the following:

### I.    PARTIES

1.    Plaintiff, Adam Graeter, is an individual who resides in Wise County, Texas.

2.    Defendant HOMESITE INSURANCE COMPANY ("Defendant") is a Foreign insurance company engaged in the business of insurance in the State of Texas. Deendant has been served and has answered.

### II.    JURISDICTION & VENUE

3.    This Court has jurisdiction over this cause of action because the amount in controversy is over $75,000.00.

4.    This Court has jurisdiction over Defendant because this Defendant is an insurance company which has purposefully availed itself to the jurisdiction of the State of Texas by engaging in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this

Defendant's business activities in the State of Texas.

5.      Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(2).

### III.    FACTS

6.      Plaintiff purchased a policy from Defendant, insuring Plaintiff's property against certain losses. The Policy number was 38321184 (hereinafter referred to as "the Policy")

7.      Plaintiff maintains an insurable interest in the insured property, which is located at 117 Mesquite Dr Decatur, Texas 76234, (hereinafter referred to as "the Property").

8.      On or about February 21, 2022, The Property sustained serious structural damage as a result of a covered loss under The Policy (the "Covered Loss Event"). Specifically, the Property was damaged as a result of hail storm damage. Shortly thereafter, Plaintiff made a claim and demand for payment on Defendant for damages to the Property and other damages covered by the terms of the Policy (the "Claim"). The subject claim number is 01-004-494358.

9.      Subsequent to Plaintiff making the Claim, Defendant assigned a local adjuster, to adjust the claim ("The Adjuster"). The adjuster failed to adequately adjust Plaintiff's claim. The adjuster performed only a cursory inspection of Plaintiff's reported damages and failed to adjust for proper construction materials and methods. The adjuster made incorrect coverage determinations and misrepresented the scope of Plaintiff's damages to Plaintiff, thereby vastly underpaying Plaintiff's legitimate claim for covered losses.

10.     After having the damages reevaluated by a qualified contractor, Plaintiff sent Defendant a demand for payment of the claim in compliance with Tex. Ins. Code Sec. 542A.003. In response, Defendant failed to tender adequate payment to which Plaintiff is entitled and this matter is now ripe for litigation.

11.     Plaintiff requested that Defendant cover the cost of repairs to the Property pursuant

to the Policy, including but not limited to, repair and/or replacement of the damaged structures and contents located on or around the exterior of the property as well as those within the interior.

12.     Defendant has wrongfully delayed and denied payment of the balance due to Plaintiff for the Claim. Based upon information and belief, and as a basis for this delay and denial, Defendant has relied upon an inadequate and under-scoped adjustment which claims that the cost of repair for damages to Plaintiff's property were substantially less than the actual cost of repairs.

13.     Specifically, after Plaintiff suffered a loss on February 21, 2022, the claim was promptly reported. After an initial inspection, Defendant found $22,209.08 in replacement cost value, less $1,423.52 in recoverable depreciation, and a deductible of $12,320, and paid $8,465.56 for the dwelling and an additional $4,213.33 less $3,026.04 in non-recoverable depreciation and $125.33 in recoverable depreciation for another $1,061.96. In total, Defendant issued a payment of $9,527.52. In addition, on March 21, 2022, a denial letter was sent for "cosmetic" damages that were not included as covered losses.

14.     As a result, on March 31, 2022, a sworn proof of loss signed by my client was provided to you, detailing the full cost of repair at $105,930.35.

15.     In response, on April 14, 2022, Defendant relied on an estimate from a third-party provider who never inspected the property and instead relied exclusively on third-party photographs. Defendant accordingly provided a supplemental check for only $1,683.25. Other than providing the supplemental check, Defendant failed to respond to the proof of loss, showing reasonable and necessary repairs to Plaintiff's home.

16.     Defendant's failure to reasonably investigate the claim, including denying covered losses and reliance on third-parties who did not inspect the damage, caused Defendant to drastically under-scope the amount of covered loss suffered by my client, and has forced my client

to obtain legal representation to enforce Plaintiff's rights.

17.     The Adjuster, on behalf of Defendant, intentionally and knowingly engaged in the following specified acts and practices, among others stated herein, in violation of and in breach of the adjuster's moral, ethical and legal duties to Plaintiff as a licensed claims adjuster. Such acts and omissions were producing and proximate causes of the damages and losses sustained herein by Plaintiff resulting in the denial and/or underpayment of Plaintiff's claim; to wit:

a)     The Adjuster failed to properly investigate and inspect the Property during repair of the property which would have revealed other damages arising out of the Covered Loss Event;

b)     The Adjuster failed to and/or refused to properly interview Plaintiff to ascertain other damages that were not readily apparent or would not be readily apparent to an individual unfamiliar with the property's pre-loss condition;

c)     The Adjuster refused to and did not inspect for hidden or latent damage resulting to Plaintiff's Property that is customarily found to exist in Property that has undergone the type of damage of the severity that Plaintiff's Property sustained;

d)     The Adjuster failed and refused to include the usual and customary charges for costs of materials, supplies, labor and contractor's overhead and profit charged by local contractors for the repair, replacement and restoration of the Plaintiff's Property due to the Covered Loss Event damage;

e)     The Adjuster performed only a cursory inspection of the exterior and interior of the insured Property, spending insufficient time at the Property

to properly assess all items of damage; and failed to properly assess, estimate and include covered damage to the property in the report and adjustment of loss to Defendant for the damages resulting from the Covered Loss Event and/or note other damages existing to the Property at the time of inspection such as plumbing, appliances, ceilings and walls that sustained damage as a result of the Covered Loss Event;

f)    Pleading in the alternative, the Adjuster, during the investigation of the Plaintiff's claim, made coverage decisions, which the Adjuster was not qualified and/or authorized to perform, by failing to include all damages sustained to the Property, thus submitting an inaccurate and false report of Plaintiff's Covered Loss Event claim and its losses to Defendant;

g)    Defendant misrepresented to Plaintiff verbally and by conduct, insisted that the majority of the damages to the Property were not related to the Covered Loss Event made basis of this suit; and that most, if not all, of the covered damages found to exist upon observation of Plaintiff property, were not covered by the Policy, but were due to normal wear and tear or the result of other causes, when in fact such damage was related and should have been included in the Adjuster's reports to Defendant. Based upon information and belief, Defendant's acts and omissions as they pertain to the mishandling of Plaintiff's claim were largely dependent and proximately caused by its reliance on the report/adjustment produced by the Adjuster, whom it knew, or reasonably should have known, was biased and hence, under-scoped the damages.

18.     Based upon information and belief, Defendant failed to thoroughly review the inaccurate assessment of the Claim as produced by the Adjuster and ultimately approved the Adjuster's inaccurate reports of the damages to the Property.

19.     The mishandling of Plaintiff's claim has also caused a delay and hardship in the ability to fully repair the Property, which has resulted in additional damages in terms of the loss of use of the Plaintiff's Property and mental anguish as a result thereof.  In spite of Plaintiff's good faith efforts and/or intent to mitigate damages as required under the terms of the policy, Defendant's bad faith and unlawful claims adjusting practices has left Plaintiff in a vulnerable financial state without adequate resources to repair and/or replace damaged structures, thereby causing additional damages.

20.     In the alternative, without waiving the foregoing, and based upon information and belief, Defendant instructed the Adjuster to follow their claims processing guidelines of in connection with the claims handling process for Plaintiff's claim.  Defendant was responsible for training, overseeing, and supervising its claim representatives and adjusters handling claims like Plaintiff's claim. Defendant was responsible for – and had a legal duty – to hire and retain competent, qualified and ethical licensed adjusters and claims representatives who would deal fairly, honestly and in good faith with its policy holders in the practice of insurance claims handling.  Defendant breached such duties in connection with the Claim by failing to properly train, direct and oversee the claims handling practices employed by the Adjuster. Alternatively, Defendant – either directly or through an anti-policyholder culture – purposefully instructed the Adjuster to ignore good faith claims handling practices contained in its written training materials and deliberately instructed the Adjuster to actively attempt to deny, underpay, under-scope, and minimize damages claimed by policyholders such as Plaintiff.

21.     At all times material herein, Defendant had a non-delegable contractual legal duty to timely, fairly and in good faith investigate, process, adjust, timely pay, and re-adjust claims for all covered losses sustained by its policyholders, such as Plaintiff. Defendant represented that it would do so in advertising mediums throughout the State of Texas and specifically in writing to its policyholders as an inducement for them to purchase and continue to renew homeowners and property insurance policies. Due to a lack of knowledge and understanding of the insurance claims handling process, knowledge of construction costs and insurance policy coverage issues relating to property losses, Plaintiff relied on such misrepresentations to Plaintiff's detriment, and hence (1.) purchased the Policy from Defendant, and (2.) accepted the estimate of damages from Defendant Adjuster which, unknown to Plaintiff, included denial and underpayment of covered losses and damages sustained. Defendant made such representations knowing they were false and with the intent that Plaintiff rely on such representations.

22.     Upon information and belief, Defendant, having breached its legal duty to timely, fairly and in good faith investigate, process, adjust and pay for all covered losses sustained by Plaintiff herein by assigning the Adjuster to adjust and handle Plaintiff's claim, is responsible for the acts of omission and commission set forth herein and above in connection with the Adjuster's investigation and claims handling practices employed to deny and/or underpay the covered losses and damages sustained by Plaintiff as set forth herein.

23.     Based upon information and belief, Defendant distributed training, educational, and instructional materials to its field claim representatives and adjusters such as the Adjuster and held meetings and issued directives to the field instructing how Defendant wanted claims like Plaintiff's to be handled. Defendant, through directives to its adjusters like the Adjuster, tasked those adjusters assigned to Plaintiff's claim with handling such losses in line with Defendant's policy

and procedures. Defendant communicated and disseminated claims handling practices and methodologies to its field adjusters such as Defendant Adjuster of 1) "Quantity over Quality", 2) Minimization of damage estimates, 3) Under-valuation of reported replacement and/or repair estimates, and 4) Omission of probable covered damages in reports of losses to the Property. These policies served to fuel and motivate the Adjuster's individual pre-disposition of bias in favor of insurance companies and prejudice towards claimants and the resulting losses sustained by Plaintiff as set forth herein.

24.     Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

25.     From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

26.     Pleading in the alternative, Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

27.     As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorneys who are representing Plaintiff with respect to these

causes of action. Said professional services have caused Plaintiff to incur attorney's fees which are recoverable as a matter of law due to the unlawful conduct committed by Defendant.

28.    Based upon information and belief, Plaintiff's experience is not an isolated case. The acts and omissions of Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to the handling of these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## IV.    CAUSE OF ACTION AGAINST DEFENDANT – NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE

29.    Plaintiff repleads all of the material allegations above set forth in Paragraphs 1.1-5.22 and incorporate the same herein by this reference as if here set forth in full.

30.    Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §§541.060(a)(1).

31.    Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).

32.    Defendant failed to explain to Plaintiff the reasons for an inadequate settlement. Furthermore, Defendant did not communicate that any future settlements of payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim.  Defendant's conduct is a violation

of the Texas Insurance Code, Unfair Settlement Practices, TEX. INS. CODE §541.060(a)(3).

33.    6.5    Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

34.    Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

35.    Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

36.    Defendant failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

37.    Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date Plaintiff has not received full payment for the claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

## V.    CAUSES OF ACTION AGAINST DEFENDANT – BREACH OF CONTRACT/DUTY OF GOOD FAITH AND FAIR DEALING

38.    Plaintiff replead all of the material allegations above set forth in Paragraphs 1.1-8.2 and incorporate the same herein by this reference as if here set forth in full.

39.    Defendant is liable to Plaintiff for intentional breach of contract, and intentional breach of the common law duty of good faith and fair dealing.

40.    Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiff.

41.    Defendant's failure and/or refusal, as described above, to pay the adequate and just compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with Plaintiff.

42.    Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI.    CAUSES OF ACTION AGAINST DEFENDANT – RESPONSIBILITY FOR ACTS OF AGENTS AND RATIFICATION OF ACTS

43.    The Adjuster, whose conduct is referenced herein and above, was acting as an agent of Defendant at all material times made the basis of Plaintiff's Claims and such acts of commission and omission in the handling of Plaintiff's claim, including inspections, adjustments, and aiding in the adjustment of the loss were committed for or on behalf of Defendant, the insurer. TEX.INS.CODE §4001.051.

44.     Separately, and/or in the alternative, as referenced and described above, Defendant ratified the actions and conduct of Defendant Adjuster including the manner in which they discharged or failed to properly discharge their duties under the common law and applicable statutory laws and regulations.

## VII.     KNOWLEDGE AND INTENT

45.     Each of the acts described above, together and singularly, was done "knowingly," and "intentionally" as those terms are used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VIII.     DAMAGES

46.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

47.     As previously stated, the damages caused by the Covered Loss Event were not fully paid by Defendant and have not been properly addressed in the time since the covered loss event, causing further damages to Plaintiff financially in terms of paying for covered losses when such obligation was that of Defendant, which has caused undue hardship and burden to Plaintiff.  These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

48.     For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim losses and expenses, together with attorney's fees.

49.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct

of the acts described above, Plaintiff asks for three times Plaintiff's actual damages. TEX. INS. CODE §541.152.

50.     For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as ten percent (10%) interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

51.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

52.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX.     RESERVATION OF RIGHTS

53.     Plaintiff reserves the right to prove the amount of damages at trial. Plaintiff reserves the right to amend this petition to add additional counts upon further discovery as the investigation continues.

## X.     CONDITIONS PRECEDENT

54.     Pursuant to Rule 54 of the Texas Rules of Civil Procedure, all conditions precedent to Plaintiff's right to recover herein have been performed or have occurred.

## XI.     JURY DEMAND

55.     Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Wise County, Texas.  Plaintiff will tender the appropriate jury fee prior to the deadline set forth in the Texas Rules of Civil Procedure.

## XII.    PRAYER

56.     **WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on Plaintiff's behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show Plaintiff is entitled to.

Respectfully submitted,

**PALKER LAW FIRM, PLLC**
2909 Hillcroft Ave., Ste. 620
Houston, TX 77057
Telephone: (832) 510-9726
Email: service@palkerlaw.com


By:     */s/ Chris J. Dobson*   _____
        CHRIS J. DOBSON
        State Bar No. 24074140
        JASON PALKER
        State Bar No. 24108248
**ATTORNEYS FOR PLAINTIFF**